For appellants, even if you've already reserved rebuttal time, if you'll let us know that too, it would be helpful. You may call the case. Case number 146516, United States of America v. Corrie Anderson. Oral argument not to exceed 15 minutes per side. Mr. Johnson for the appellant. Thank you. May it please the court, I'm Brian Johnson and I represent the appellant Corrie Anderson. I preserve 5 minutes for rebuttal time. The issue in this case primarily is whether 28 U.S.C. 2465 B1A, which is the attorney fee provision of CAFRA, applies to this case. And we believe that it does for two separate reasons, one of which is fairly simple, I think. I want to address that one first. This is a proceeding that was actually consolidated. Two different proceedings. There was a civil forfeiture case filed by the government. And then subsequently after the related criminal trial of other defendants, there was an ancillary forfeiture proceeding that took place under 21 U.S.C. section 853N. Those proceedings were consolidated by the district court and they proceeded ahead together. And in fact, at the conclusion of the case, the district court entered the same final order of forfeiture in both the 853N proceeding and the civil forfeiture proceeding, which terminated both of those at the same time. What statute was the civil forfeiture proceeding filed under? 18 U.S.C. 983. This court actually just last month addressed the final order of forfeiture in a separate appeal that was taken by different claimants, not Ms. Anderson, but other individuals. And actually at three points in that opinion, this court noted that the proceedings had in fact been consolidated. So on page three of the court's opinion, and this is in case number 14-5134, filed May 11th of this year, on page three the court said the district court consolidated the criminal action and the civil forfeiture action, noting that the final order of forfeiture in the criminal action would dispose of the civil action as well. And then at page four this court said because of the consolidation of the cases, the final order of forfeiture in the criminal case served as the final order of forfeiture in the civil case as well. And finally at page 20 of that opinion, this court said, we find no error in the district court's issuing of one order of forfeiture to terminate both the criminal and civil forfeiture actions. So I think it's clear that we were in fact dealing with a consolidated proceeding. CAFRA very plainly applies to civil forfeiture proceedings, which is part of what we were dealing with below. And I think for that reason alone, Ms. Anderson is entitled to the benefit of 28 U.S.C. 2465 B1A, and she's entitled to get her reasonable attorney's fees. So that's really the first issue that we have, and again I think it's the simplest of the two. The second issue is the one that the government has basically teed up here, which is the cases may have been consolidated, but really we were just dealing with an ancillary proceeding under 853N. If that were the case, Ms. Anderson would still be entitled to recover under CAFRA. And when you look at that statute, and I've provided it I think to you, it's behind tab A. 2465 B1A provides that in any civil proceeding to forfeit property in which the claimant substantially prevails, the United States shall be liable for reasonable attorney's fees. Now the courts that have addressed this statute have broken it down into three different elements. First of all, did the claimant substantially prevail? And what we have here is a claimant, Corey Anderson, who made a claim to only one asset in both proceedings. It was a condominium. She did prevail in both proceedings. The condominium was initially included in her preliminary order of forfeiture. It was included in the civil forfeiture proceeding, but she prevailed on her claim, and she was able to continue to own the condominium. So I don't think there's any doubt about that element. The second is whether an 853N proceeding is a civil proceeding. And it's a little bit awkward in that 853 is titled criminal forfeitures. It is, and I think that it almost has to be in some respects, because until you get to really 853K, really what we're talking about, and I didn't include the entire statute. I have it. I know I have it here myself. But when you look at 853A, for example, it talks about types of property that may be subject to forfeiture, and it's talking about a defendant's interest in those properties. When you move ahead to 853C, it talks about the probation back doctrine and how that applies to a criminal defendant's interest. When you go to 853P, for example, we talk about substitute property, which is property of the defendant. It's property the defendant had an interest in. And then tucked away in there is 853N, which provides really the only mechanism for a third party to get her interest in the property back. So that raises a question. If you look at 853N6, it's talking about in 6A, if the petitioner shows by a preponderance of the evidence that the petitioner has a legal right and such right renders the order of forfeiture invalid. And then you go to 2465, which is the key provision that you've mentioned earlier, in any civil proceeding to forfeit property. So could you make the argument that the government makes that this is not a proceeding to forfeit property, it's a proceeding to quiet title? You could, and I'll address a couple of issues there if I could. First of all, the concept of this type of proceeding that's really a quiet title action isn't found anywhere in the statutes. It's something that various courts have come up with. And in fact, if you look at one of the cases the government relies on, an Alaska case, it talks about how that court believed it really was akin to a quiet title action. But then that whole discussion is based on a case called United States v. McCann out of the Fourth Circuit, which is actually a case that this court is parted ways with on other issues, most specifically the application of the relation-backed doctrine to substitute property. So this quiet title concept, it's nowhere in the statutes. It's something courts have come up with. Second, I think that when you go to the definition of what a civil forfeiture statute is, which has two important elements, civil and forfeiture, that's located in 18 U.S.C. 983i, which is behind tab B in the handout I provided to you. And what that statute says is that a civil forfeiture statute is any provision of federal law providing for the forfeiture of property, other than as part of sentencing or part of a list of exceptions, which don't apply here. So if you take that definition of what a civil forfeiture statute is, and then you look back at 21 U.S.C. 853, we know that Section 853 itself has to be a federal law providing for the forfeiture of property. As you pointed out, that's what it's specifically entitled. So that's what that statute is there for. 853n is a provision of that federal law providing for the forfeiture of property. If you look further at the definition in 18 U.S.C. 983i, it says that's the definition unless it's part of sentencing. And we know, and it's undisputed, that 853n proceedings are not part of sentencing. Sentencing has already happened before we ever get to that here. Then we look at the list of exceptions under 983i. And I've provided those, I believe, behind tab B-2. 853 is not listed among those exceptions. So it's not included as an exception of what a civil forfeiture statute is. And I want to note really quickly at the bottom of page 6 of my reply brief that I've cross-referenced those statutes incorrectly. The exceptions are in 983i and not 2465. But at any rate, when you go back to traditional rules of statutory construction, you know that where Congress provides a list of excluded items or statutes from something else, nothing else can be presumed to be among that list. There's no presumption that 853 should be included as an exclusion to what a civil forfeiture statute is. So I think that comes back around to, you know, the argument that it's prior title versus forfeiture. If it truly is a civil forfeiture statute and there are proceedings under it, then surely it has to be a proceeding to forfeit property. And I think we know that, too, just based on how these proceedings really bear out. Because you start with a preliminary order of forfeiture, and that affects only a defendant's interest in the property. No third-party claimant's interest is affected. And the district court noted that in the preliminary order, excuse me, in this case. You then get to your 853N proceeding, and it's all third-party interests. They can't intervene before then pursuant to 853K. They have to wait until this ancillary proceeding, and that's where they have a chance to vindicate their interest. All right, now, if that's all that had happened, of course, that's where they would have determined that there was a bona fide purchaser for value at that stage. And so the claimant at that point would be able to have the property, but we're still left dangling the very issue that brings you here, the attorney's fees issue, right? That's right. Yeah, so the issue is, does CAFR, does that language 2465... Well, is it your position that if there had been no civil and rent proceeding instituted at all, if it was just done all within the context of the criminal case, that there would still be an entitlement to attorney's fees? Yes, Your Honor. Okay. And it's because of how civil forfeiture statute is defined, how those proceedings are carried through, and the fact, really, that the government doesn't acquire a clear title to anything until the conclusion of that proceeding. And that's made clear by 853 N. 7, which says the government doesn't have clear title until all third-party interests are resolved. So I think that all of that comes together to show that this is truly a civil statute. Everything about the proceeding is civil. Even the Alaska court, the government and district court relied on, says these are civil proceedings, not criminal. There are no criminal defendants in 853 N. proceedings. They're all third-party claims. And I believe I'm out of time, unless you have other questions for now. No, we do not. Thank you. Thank you. May it please the Court, John Grant for the United States. If I could, I would like to start with Judge Guy with your point about if there had never been a civil action, what would the result be? And I think following the Moser case, the published case from the Eighth Circuit, and then also the unpublished case from the Third Circuit, would be that there would be no entitlement to attorney's fees. And we start with the basic principle of sovereign immunity that Congress must clearly and explicitly state its intent to allow attorney's fees to be gathered from the government. And the Moser case, relying on that principle, said that it wasn't clear, and from the text itself, that that's what Congress intended. Well, it has to be clear, but they don't have to use the language we hear by our waving sovereign immunity. That's correct. I would agree with that, Judge. But it's not clear because the Moser case said, although there were strong arguments that the ancillary proceeding is civil in nature, it is entirely unclear that it is proceeding to forfeit property.  It is not a procedure to forfeit property because in the 853 proceeding, there is an in personam forfeiture. So as part of the criminal indictment, the United States has the burden to prove, either before the jury or if it's waived before the district court, that there's a nexus between the property and the crime. And in this case with the condominium, the United States proved to the district court that the condominium was bought with proceeds from the fraud and it was involved in money laundering. So the United States met its burden in that effect. And then it was up to Cori Anderson to come in to say that she was a bona fide purchaser, which the court found that she was. So why isn't that all part of one forfeiture action? Well, in terms of looking at the... that it's all criminal. And that's what the Moser case said. There is an argument... But didn't it start in this case with the seizure as a civil forfeiture? Yes. And if I could explain the reason why we did that is because the case was under active investigation and we weren't ready to indict yet. And so to make sure that the assets are not dissipated, we file a civil action. And the actions are usually stayed. And the reason they're stayed is to protect the defendants because they don't want to engage in discovery. So that's the reason that they're filed and then they're stayed. And then we followed up with a criminal case. But meanwhile, this person, Cori Anderson, who is not a criminal defendant, has her property seized. Now, of course, the government has the position that it really wasn't her property and there has to be proof of all of that. But it started as a civil forfeiture. Well, to use the term seizure is not correct. We seized the accounts, but we didn't seize her condo. The only thing in terms of her property interest that was affected would be her ability to transfer her interest. So she was allowed to live there during... No, she had full use of the condominium. Nothing affected that. So all the financial accounts were seized. Her property was not seized. So that was not affected. But it surely did impact her ownership. Well, yes. And if she had not come forward with a claim, if she had not asserted her claim, then after we proved that the proceeds of the fraud bought the condominium, the United States would be able to get title to it. But, you know, turning to the consolidation issue, this was not a civil forfeiture. There was a civil forfeiture action that was filed. But to say that the matter proceeded as if it was a civil and criminal consolidated action is really not exactly what happened because for it to have proceeded all the way through as a civil forfeiture action, it would have had to have been against the condominium, and that's not what happened. We had a trial in which Brian Coffman was convicted. He waived his right to jury trial, and there was discovery in the criminal case, and then there was a finding by the judge that the property was involved in the money laundering. It was bought with proceeds of the fraud, and therefore the United States then took over Brian Coffman's interest. So at that point, the ancillary proceeding is basically the government versus a third party. With the government, we have the interest that the defendant has, and then the third party says, well, I have a superior interest, either because I owned it before Brian or it's vested in me in some way, or in her case, they argued that she was a bona fide purchaser for value. And so therefore, and she claimed that she had no reason to know that fraud proceeds were used to purchase the condominium. Well, do these, this initial proceeding that you brought, the civil and rem proceedings, do those ever, can they proceed without any criminal proceeding? Yes, yes. That happens sometimes. And that would be, for whatever reason, you chose not to indict, but you'd still have to tie somebody, a putative defendant anyway, to the property and the proceeds of his wrongful action. Not necessarily, Judge Guy, and I'll give you an example. For example, let's say at the Cincinnati airport today, officers, police officers find a million dollars in a suitcase and there's cocaine in the suitcase. Then the federal agent would just file an affidavit with the magistrate, and then the magistrate would then make a probable cause finding, and then if we don't have any potential claimants, we would simply advertise that over the Internet. And if no one comes forward, it becomes our property. But that's through a civil forfeiture. That's through a civil forfeiture. And see, that's why I think that Congress said, let's give attorneys fees in a civil case. Because it's really easy for the government to abuse its authority in a civil case, because we could just take property, and if someone doesn't come forward, and they don't have an attorney to do that, they can't afford it, then we get the property. Where in a criminal case, we have to go forward. It's our burden to prove that that property is proceeds, or in this case, money laundering and mail fraud, it's proceeds of the fraud, and it's involved in the money laundering, which is what we did. So that's a good reason to explain why it's not really unfair not to pay attorneys fees in a criminal context where... Well, I don't know that fairness even enters into this. I mean, we're dealing with statutes. But the fact of the matter is, when the only reason for an ancillary proceeding, as I understand it, even if it's solely part of a criminal proceeding, as you maintain, is because a third party, defined as being an innocent party, says, wait a minute, that's my property you just took, and if I don't have a lawyer and pay out tons of money, I'm not going to get my property back. How is that different from the person in the civil forfeiture proceeding? Well, in the civil forfeiture proceeding, it's starting from the very beginning, and the litigation has to involve, is the property even subject to forfeiture, which is a whole component that's already done with by the time the third party gets involved in the criminal case. But I think we need to look at the statutory language, and the language is, is it a civil proceeding to forfeit property? How can the 853N ancillary proceeding be a proceeding to forfeit property when the property has already been forfeited? So you're focusing on the two forfeit property. Exactly. Yes, it's just as the court in Moser and the court in Losko did. Those two cases are in our favor. There's nothing else out there from the other circuits that favor. Why, if we're looking at 853N, and the whole of 853N, we're dealing with third parties who are not criminal defendants, so why shouldn't 853N be viewed as a civil proceeding to decide ultimately whether property is forfeited, given that it was originally subject to a preliminary forfeiture order? And to support my proposed reading, you look at N6, which has a civil burden of proof, the preponderance of the evidence standard, and then says at the end, following the court's disposition in 7, the U.S. shall have clear title. So why isn't this all a civil, using the language of 2465, a civil proceeding to forfeit property? Well, I agree that it is civil in nature, and that the way, if you look at the time to appeal, 60 days versus the traditional 14 days, the burdens of proof, discovery, motions to dismiss, practice, summary judgment, that it is, if you carve out that 853N, it does look to be civil in nature, and when courts decide different collateral matters, they've said it really looks more like a civil proceeding, that courts have to decide how much time you have to appeal, and that's how they did that. But I disagree that it is a proceeding to forfeit property, where a pure civil forfeiture case is a case brought by the government in rem against the property is a proceeding to forfeit property. But an ancillary proceeding of the type we're talking about here can't even exist without the proceeding to forfeit property. That's true. That's true. But if you back up and look at the whole statute, beyond, if you look at all 853, it's clear that is a criminal process. And so if it has that aspect, then it's not civil in nature, it's criminal in nature. But I agree there is this component of civil, but the main point I need to make is, did Congress explicitly waive sovereign immunity? We're struggling with this. I mean, that's the principle at hand here. Congress did not... And I agree with you, Judge Guy, they don't have to come out and actually state it, but if they intended for the 853N provision to allow recovery of attorney's fees, why would they have said in a civil proceeding to forfeit property? And it's just simply not an explicit statement in the text that permits this court to say that Congress has waived sovereign immunity to permit the recovery of attorney's fees. I mean, here... Go ahead. Here we're talking about $29,000. But, you know, you've got to keep in mind that when you talk about third parties and that it did affect her interests in terms of selling the condo, we proved in court that this property, this condominium, was bought with fraud proceeds. That's a lot different than going and seizing someone's property for civil action. Right, but you could have appealed the substance of the district judge's order, and the government chose not to. That's right, and I'm not arguing on that basis, no. But what I'm simply saying is, in terms of an innocent owner, this, you know, after this property... The point I'm making is that there is this protection that citizens have in a criminal forfeiture matter that they don't have in a civil matter. In a civil matter, when their property is simply taken, and then if they don't go to court, it's gone. But she did go to court, right? You mean in the civil matter? Right. Yes, we had to give her... The court ordered us to give her notice, and we did that. But you know what? She never filed an answer. Because the civil case did not... You know, it's up to us as the plaintiff to decide, do we want to pursue the civil case or the criminal case? Okay, so was it her... Not to be assigning blame, but was it her fault that she didn't file anything in the civil case, or was it that the criminal action against the other people went forward? I'm asking for clarification. Well, the answer to that, Judge Maureen, is we're the plaintiff. It's our decision which case we want to push. Now, that begs the question, like, why didn't we dismiss the civil case? And the reason, you know, that we start the case is to protect our interest, potential interest in assets, and so they're not dissipated. The reason we don't dismiss the case is, what if the criminal defendant dies? The civil forfeiture is gone. Or, you know, what if we have a really good case, but there's a jury nullification, and the criminal defendant has quit it? Then we can then proceed with the civil case. That's the reason that we wanted to keep the case, you know, keep it open. But by all that, you know, if you look at what happened, the case was basically staked. When they filed their motion for attorney's cease, they filed it in the criminal case. The order that allowed Corey Anderson to have the condominium, that was filed only in the criminal case. And I think Judge Caldwell thought, well, I need to do something to kind of close these both out. So, you know, there was the preliminary order of forfeiture, which included the condominium. The final order of forfeiture, where after Judge Caldwell entered the opinion saying that she had the right to the condominium, all she did in the final order of forfeiture is omit the condominium. So the final order of forfeiture just doesn't say anything about the condominium. And then she files that in both cases. But to say that this case actually proceeded as an interim case against the condominium is just not true. It was an in-persona case against Flying Coffin. And this one statute that he cites, 18 U.S.C. 983i, which is the very end of the civil forfeiture statute, if you look, that section has nothing to do with 14465. It's like the last page of his handout. At the very beginning of it, it says, in this section, the term civil forfeiture statute. So for him to try to borrow that and say that somehow you can put that into Title 28, Section 2465 is a clear statement of Congress, that Congress intended the 853N criminal ancillary forfeiture proceeding to allow for attorneys to use, I just think it's incorrect. I can see that my time has expired. There's no further questions. The United States requested the denial of the receipt. Thank you, Captain. Mr. Grant asked the question, if Congress didn't intend to waive sovereign immunity, why did they say any civil proceeding to forfeit property? You know, what they also could have said was this waiver is only limited to civil forfeiture proceedings. And they didn't say that either. And so what we have is different use of terminology here. They could have clearly said, in any civil forfeiture proceeding filed under this chapter, which governs civil forfeiture proceedings, a successful claimant can recover her attorney's fees. But instead, they used the language, any civil proceeding to forfeit property, which gets us back to whether this 853N proceeding is civil in nature and whether it is intended to forfeit property. So a couple of quick points on that. As Mr. Grant said, everything, and I mean everything, literally everything about an 853N proceeding is civil. You can have discovery. The appeal time is treated as civil. All the rules of civil procedure apply to the extent the court will allow them to. And is it a proceeding to forfeit property? If it's not, I'm not sure what it is. There's this argument that maybe it's a quiet title action. But to explain that to a successful claimant is pretty difficult because what Ms. Anderson comes before the district court holding is a deed of this property. And if this 853N proceeding doesn't go her way, that is forfeit. Her interest is gone. If she prevails, as Mr. Grant pointed out, the government, had she not come forward and asserted an interest, then the government would have obtained title to it. It would have obtained forfeiture of the property under this 853N proceeding. But hadn't the government already obtained forfeiture? They had obtained forfeiture of Brian Kaufman's interest in that property to the extent he had. And again, that's what the district court made clear in the preliminary order of forfeiture. That's the order that affects the convicted criminal defendant's interest. But as the district court made clear in the very next sentence of that paragraph, this order has no bearing on any third-party interest. Now, did Mr. Kaufman have an interest in the property? Really, he didn't. He wasn't the record owner. Some money that he once had was found to have passed through to purchase the condo. But the truth is, Ms. Anderson prevailed on that claim. She was at all times the record owner. She held a deed to the property. She made payments under the mortgage. That was her property. So had the government been successful in either proceeding, that property interest that she had would have been forfeited over to the government. Now, the fact that it wasn't doesn't change the fact that 853N is not a proceeding, or is a proceeding to forfeit a property. It just means the government was not successful in doing so. I think that we've heard a lot about these practical differences in 853N proceeding. There's already been a finding indexes. That's what Mr. Grant was talking about. But the truth is, for a third-party claimant, there is not a difference at all between a civil forfeiture action and an 853N proceeding. Because that condominium was the only link that Ms. Anderson had to the criminal case whatsoever. That was the only asset issue for her, and she had to try to vindicate her interest to it in both proceedings. Well, in a criminal procedure where the forfeiture determinations have been made, I guess it's theoretically possible, isn't it, that at that point in time,  at any time before with a claim that they were a bona fide purchaser of her value, couldn't they? That's true. Like the example, he cited sometimes his property and you don't even know who owns it. I guess my point is, in that case that I just posed, the person coming forward hasn't been specifically aggrieved to the point where you would say, well, the government's put you to a burden and we're going to reward you by awarding attorney fees in this case. When you talk about this being remedial and whatnot, it's sort of like, well, if the government wants to proceed along certain high-handed lines, why, they're going to have to pay the piper if they lose. But there are a lot of instances in which the government wouldn't have even known who this person was. That's true. But to take it from the third-party claimants' perspective, if I could for a minute, let's suppose that there was only a civil forfeiture proceeding and Brian Kaufman had never been indicted and there was no criminal case. Cori Anderson would have had the burden of proving that she was an innocent owner of that property in the civil forfeiture proceeding. Now, put that hypothetical away for a second. Now let's suppose there was never a civil forfeiture proceeding. Brian Kaufman gets convicted. We go through this entire ancillary process and they've included this condominium. Ms. Anderson didn't have a burden of anything during his criminal case. She wasn't a defendant. She happened to be a witness. But she wasn't a defendant. She wasn't doing anything in Brian's criminal case to try to vindicate her interest in that condo, nor could she have, pursuant to 853K. So for her, the burden was exactly the same. Under either scenario, she had to retain an attorney. She, in the civil forfeiture context, would have to prove the innocent owner defense. In the 853N proceeding, she had to prove bona fide purchaser for value. And then when you look at what the proof is for both of those, it's identical. So for a third-party claimant in her shoes, there is no difference whatsoever between a civil forfeiture proceeding and an 853N ancillary proceeding. And in your hypo, if there were no civil proceeding at all to start with, and it were simply a criminal forfeiture, you're saying that 853N alone would be enough to make it, under the statute, a civil proceeding to forfeit property? Absolutely. Because 853N is a civil proceeding. Truly, it can't be a criminal proceeding, because Ms. Anderson was never indicted or charged with anything. So she was never a criminal defendant. It had to be civil, at least for her. And is it to forfeit property? You know, I think when you look at the ultimate outcome of that proceeding, it really had to have been, because either one of two things will happen. The government wins, and the court rejects Ms. Anderson's position. So under 853N7, the government gets clear title to the condominium to which she holds it in. Or, we have the situation we have here. It's included in a preliminary order of forfeiture. So Brian Kaufman's interest, to the extent he had one, is deemed forfeited. But she prevails and prevents the forfeiture of the condominium. Either way, the proceeding ultimately is the government trying to obtain property through forfeiture. So I think it does fall within that definition. But of course, here we have a situation where we do have consolidated proceedings. I think that's the simplest way of exposing it. She prevailed in the civil forfeiture proceeding. The district court entered the order in that proceeding, and she's entitled to fees there also. Thank you, counsel. Thank you. The case will be submitted.